IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIANIX DELAWARE LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>NUANCE COMMUNICATIONS, INC.,<br><br>                Defendant. | Civil No. 09-0067 (NLH)(JS)<br><br>**OPINION** |

**Appearances:**

Paul Damon Brown, Esquire
Denise Seastone Kraft, Esquire
Peter C. Schechter, Esquire
Edwards Angell Palmer & Dodge LLP
919 North Market Street
Suite 1500
Wilmington, DE 19801

    On behalf of plaintiff

Anne Shea Gaza, Esquire
Jeffrey L. Moyer, Esquire
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801

    On behalf of defendant

**HILLMAN**, District Judge

    This matter has come before the Court on defendant's motions[1] to dismiss plaintiff's complaint for lack of standing and/or failure to state a claim pursuant to Federal Civil Procedure Rules 12(b)(1) and 12(b)(6). Plaintiff, Vianix

---

[1] Defendant refiled its motion to dismiss, pro forma, subsequent to plaintiff filing its amended complaint.

Delaware LLC, brought suit against defendant, Nuance Communications, Inc., for infringement of copyrights for audio compression technology, which is incorporated into defendant's speech recognition and transcription products sold to hospitals and other healthcare providers.  Defendant has moved to dismiss plaintiff's copyright infringement claim, arguing that plaintiff does not have standing to sue for copyright infringement because it is not the legal or beneficial owner of the copyrights at issue.  In the alternative, defendant also argues that the claim against it should be dismissed for failure to state a claim.

After the filing of defendant's motion, plaintiff filed an amended complaint, whereby it substituted Vianix LLC for Vianix Delaware LLC.  All other allegations remained unchanged.  In response to defendant's motion, plaintiff acknowledges that Vianix LLC is the registered owner of the copyrights at issue, and states that it was a simple drafting error that Vianix Delaware LLC was named as plaintiff instead of Vianix LLC.[2]  Plaintiff argues that it has therefore corrected the problem with standing, and its complaint should not be dismissed on that basis.  Plaintiff also argues that defendant's other bases for dismissal are without merit.

---

[2] Contemporaneous to this action, Vianix Delaware LLC is prosecuting a Delaware Chancery Court action against Nuance Communications, Inc. for breach of a technology license agreement.

Defendant counters that plaintiff cannot correct a jurisdictional defect by filing an amended complaint because jurisdiction is determined at the time of the filing of the complaint. Because plaintiff did not have standing when it filed the complaint, defendant argues that the amended complaint is a nullity.

The Court agrees with defendant. Article III of the Constitution restricts the "judicial power" of the United States to the resolution of cases and controversies. See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). Within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit. Id. The doctrine of standing is based both on prudential concerns and on constitutional limitations on the jurisdiction of the federal courts. Bennett v. Spear, 520 U.S. 154, 162 (1997). Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed. Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

To satisfy the irreducible constitutional minimum of standing, a plaintiff must have suffered an injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not

conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted). Additionally, there must be a causal connection between the injury and the conduct complained of; that is, the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Id. (citations omitted). It must also be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision. Id. at 561. (citations omitted).

Here, because Vianix Delaware LLC is not the owner of the copyrights, and it does not have a beneficial interest in the copyrights it alleges defendant violated, it could not have suffered an invasion of its legally protected interest. See Evident Corp. v. Church & Dwight Co., Inc., 399 F.3d 1310, 1314 (3d Cir. 2005) (citing Independent Wireless Telephone Co. v. Radio Corp. of America, 269 U.S. 459, 468 (1926)) (explaining that a patent licensee has standing to bring a claim, but that the patent owner is an indispensable party in order to give jurisdiction under the patent laws). Without such an injury, Vianix Delaware LLC does not have standing to bring its copyright violation claim against defendant, and the Court, therefore, does not have subject matter jurisdiction.

In an attempt to cure this jurisdictional defect, Vianix Delaware LLC, pursuant to Federal Civil Procedure Rule 15(a),

filed an amended complaint, where it simply renamed Vianix LLC, the owner of the copyrights, as plaintiff. Plaintiff, however, cannot correct the problem in this manner. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-571 (2004) (quoting Mollan v. Torrance, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)). "This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure."[3] Id. Because Vianix Delaware LLC did not have standing to assert its claims when it filed suit, the Court does not have subject matter jurisdiction to consider anything filed thereafter, including the amended complaint.[4]

---

[3]One "cure" for a subject matter jurisdiction defect recognized by the Supreme Court is the dismissal of the party that is destroying diversity because of its citizenship, or otherwise preventing subject matter jurisdiction. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-571 (2004). The Court notes that if both Vianix Delaware LLC and Vianix LLC were named plaintiffs in the original complaint, the dismissal of Vianix Delaware LLC would have cured the jurisdictional defect and would not have required the Court to dismiss the case. See Connelly v. Taylor, 27 U.S. 556 (1829).

[4]This is not a situation where plaintiff's amended complaint simply seeks to correct its jurisdictional statement. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986) ("Section 1653 provides a method for curing defective allegations of jurisdiction. It is not to be used to create jurisdiction retroactively where it did not previously exist.").

Plaintiffs who have attempted this method of correction have met with the same fate. See, e.g., Lans v. Gateway 2000, Inc., 84 F. Supp. 2d 112, 115-16 (D.D.C. 1999) (citing Moore's at ¶ 15.14[3]) (following the rule that a "plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists," and finding that patent assignor was not allowed to retroactively create jurisdiction by filing an amended complaint to substitute the current patent owner, who was the only party with standing to sue for infringement); compare Affinion Loyalty Group, Inc. v. Maritz, Inc., 2006 WL 1431065, *1 (D. Del. 2006) (citing Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198, 1203 (Fed. Cir. 2005)) (explaining that a court that temporarily lacks subject matter jurisdiction due to a plaintiff's lack of standing may regain jurisdiction only if the original plaintiff had Article III standing and there is a way to cure the deficiency); Corbin v. Blankenburg, 39 F.3d 650, 652-53 (6th Cir. 1994) (explaining that if the plaintiff had not been an ERISA plan fiduciary when the lawsuit was originally filed, he would have had no authority to bring the action under ERISA in the first place, and therefore, the absence of subject matter jurisdiction could not have been cured by substituting an authorized plaintiff for the unauthorized plaintiff).

The Court is mindful that the dismissal of plaintiff's case

Case 1:09-cv-00067-NLH-JS   Document 16   Filed 05/12/09   Page 7 of 7 PageID #: 280

may appear to be a technical and wasteful exercise, since Vianix LLC can simply institute a new action correctly naming itself as plaintiff, and presumably defendant will again file its motion to dismiss based on its substantive challenges to plaintiff's claims. The law is clear, however, that the "time-of-filing rule" "has a pedigree of almost two centuries," and it must be adhered to "regardless of the costs it imposes." Grupo, 541 U.S. at 572, 582 ("Apart from breaking with our longstanding precedent, holding that 'finality, efficiency, and judicial economy' can justify suspension of the time-of-filing rule would create an exception of indeterminate scope."). Consequently, plaintiff's case must be dismissed for lack of subject matter jurisdiction.

An appropriate Order will be entered.

Date: May 12, 2009

NOEL L. HILLMAN, U.S.D.J.